## W. P. FREEMAN & CO. v. W. H. AND M. J. MOLONEY.

1. PLEADING—PRACTICE—PRACTICE IN SUPREME COURT—TRUSTS.
—A brought suit against B and wife on a promissory note secured by deed of trust on land, and, the trustee being dead, prayed the court to appoint a trustee to execute the trust, and for judgment on the note. Defendants, after a general denial, pleaded that the property conveyed in trust was a homestead when their deed was made, and that it still remained such; to which plea the court overruled exceptions filed by plaintiff. A judgment was rendered for plaintiff, for the amount of the note; but neither in it nor in the charge, nor verdict, was any reference made to the trust; and the case was appealed, without statement of facts or bills of exception. In the judgment, the following recitation occurs: "And now come the parties by their attorney; and thereupon the court refused to appoint a trustee; to which ruling of the court plaintiff excepts, and gives notice of appeal. Thereupon came a jury," &c.: *Held*—

    1. The record failing to show that an issue had been settled, upon which the rights of the plaintiff to have a trustee appointed depended, there was no error in the court failing to appoint one.

    2. The plea setting up homestead rights will not be considered by the court, because, whether right or wrong, since it was waived or not relied on by either party at the trial, it became an immaterial issue.

    3. Facts cannot be regarded as established when not incorporated in the record, so as to enable the court to revise them as substantive parts of it.

    4. The Supreme Court will not decide upon questions arising upon an issue made by a plea, which plea, upon exceptions, is sustained, when the issue thus made is waived upon the trial, and not passed on by the jury.

ERROR from Rains. Tried below before the Hon. Z. Norton.

*C. Payne,* for plaintiffs in error.—Whether the question of homestead were material in deciding this case in the lower court or not, it seems the court treated it as material in overruling exceptions of plaintiffs to the answer of defendants that the court ought not to appoint a trustee, because the property conveyed in trust to the said Rushing was a part of the home-

stead, and hence no impropriety is perceived in an investigation of the correctness of that ruling.

But was the ruling of the court, refusing to appoint a trustee, erroneous?  It is confidently believed it was, and that the court should have sustained plaintiffs' exceptions to the plea of homestead.  Plaintiffs' petition and exhibits plainly showed that defendants had executed a deed of trust on the land mentioned, to W. P. Rushing, as trustee, which was properly acknowledged by Mrs. M. J. Maloney.

The validity of the said deed in trust is not questioned by defendants.

It is believed it was the duty of the judge, sitting as a court of chancery, when the trustee had departed this life without having carried out the objects of the trust, on proper application being made, to appoint a trustee, who might take the place and perform the duties of the deceased trustee..

Counsel also discussed at length Sampson v. Williamson, 6 Tex., 102, and Jordan v. Peak, 38 Tex., 429, on the power of the defendants in error to bind the homestead by trust deed.

G. W. and Horace Chilton, for defendants in error, argued, that the court did not err in refusing to appoint a trustee to execute the trust, because the record failed to disclose that the deed of trust was offered in evidence, or that the death of the trustee was proved.

J. J. Hill, also for defendants in error, argued, that when an error is committed by a ruling of the court on demurrer, unless a general demurrer is sustained, it must be considered as waived, if the point be not saved by bill of exceptions; citing Powell on App. Pro., page 179, sec. 97; Mitchel v. McCabe, 10 Ohio, 405; United States v. Boyd, 5 How. U. S., 29-51; Sheppard v. Shelton, 34 Ala., 652; Wann v. McGoon, 2 Scam., (Ill.,) 74.  He also discussed the power of the court to appoint a trustee to make sale of a homestead, which argument, in view of the opinion, is omitted.

ROBERTS, CHIEF JUSTICE.—The defendants, W. H. Maloney and M. J. Maloney, executed their joint and several promissory note to plaintiffs, W. P. Freeman & Co. To secure the payment of the said promissory note, the said defendants at the same time executed and delivered a deed in trust, or mortgage, conveying the property mentioned to W. P. Rushing in trust, and authorizing him, as trustee, in case of default in the payment of said promissory note at maturity, at any time thereafter, at the request of plaintiffs, to sell the said tract of land set out and described in plaintiff's petition, at the court-house door in the town of Emory, Rains county; complying in all respects with the requirements of the law, in selling under execution out of the District Court, and to make the purchaser good and sufficient titles to the said land, and to receive the proceeds of the property thus sold, and to apply the same to the payment of said promissory note and interest thereon accrued. The said promissory note and deed of trust were executed on the 19th day of May, 1873; the promissory note due and payable six months after date, to wit, 19th day of November, 1873.

In the meantime, as alleged in plaintiffs' petition, the said trustee, W. P. Rushing, departed this life, without having in any wise carried out the object of said trust, by selling the said land and paying the said promissory note.

After the maturity of the said promissory note, on, to wit, the 22d day of June, A. D. 1874, plaintiffs filed their petition in the District Court of Rains county, where the said land was situated, setting out the above facts, and praying the court to appoint a trustee in the place of said W. P. Rushing, trustee, deceased, to carry out the objects of the said deed in trust. To plaintiffs' petition alleging the death of Rushing, the trustee, and praying the court to appoint a trustee to carry out the trust in place of W. P. Rushing, deceased, defendants pleaded that the tract of land conveyed in trust by W. H. Maloney and M. J. Maloney to W. P. Rushing, trustee, was a part of their homestead at the time they executed the said

deed in trust and at the time of filing the said plea, and that the said tract of land was not liable to be sold under the said deed of trust. To this plea, plaintiff demurred and excepted specially, because the said·plea was immaterial. The court overruled demurrer and exceptions, and plaintiff then gave notice of appeal to the Supreme Court. The defendants had also pleaded a general denial of the facts in the plaintiffs' petition. The case was continued at that term of the court, and came up for trial at a subsequent term. There are no statement of facts or bills of exception. The charge of the court, the verdict of the jury, and the judgment founded on it make no reference to anything in the case but the note, for the amount of which the judgment was rendered, except, in the entry of the judgment, it is recited as follows, to wit: "And now come the parties by their attorneys; thereupon the court refused to appoint a trustee; to which ruling of the court plaintiff excepts, and gives notice of appeal. Thereupon came a jury," &c.

There was, then, at the trial, as exhibited by this record, no good ground for asking the court to appoint a trustee, because no issue had then been settled upon which the right of plaintiff to have a trustee appointed by the court depended.

It is true, the petition alleged grounds for it; but the defendants had filed a general denial, and specially pleaded that the mortgaged property was and is a homestead; and that plea had been sustained as a sufficient answer to the equitable relief asked in the petition for the appointment of a trustee, and the exceptions to it, as an immaterial plea, had been overruled. The petition did not admit, or by its terms or by its exhibits show, that the mortgaged property was a homestead. The existence of the mortgage and note on the part of the plaintiff, and of the fact of the property being a homestead on the part of the defendants, were facts to be proved by them respectively, in a legal way, in the ordinary course of the trial of the case, to settle the issues joined.

As the record stands here, in this court, there is no authority for saying that the plaintiff produced in court, or ever had, a mortgage, or that the defendants ever had a homestead, except from the allegations to that effect in their pleadings, all of which are either expressly or impliedly denied, so as to be put in issue.

If the plaintiff, on the trial, produced in evidence no mortgage such as that alleged by him, it was unnecessary for the defendants to prove that they had a homestead, or anything about it, whether their plea of homestead was good or bad, and it would, in that event, be an immaterial issue made by the parties.

If the plaintiff had desired, as he certainly did, to test the sufficiency of the homestead plea, he should have produced in evidence his mortgage; and then, if the defendants failed to prove that the property mortgaged was a homestead, plaintiff would have got his full relief; but if the defendants proved the facts of their homestead plea, the plaintiff had still full opportunity of testing the sufficiency of that plea, by excepting to the charge of the court instructing the jury how to find on that plea, or by excepting to any evidence offered by defendants in support of that plea, or by moving for a new trial and an arrest of the judgment on that plea, if it had been specially found against him, and by bringing up a statement of facts and bills of exception, so as to enable this court to revise the action of the District Court in said rulings; or if the court had refused to admit in evidence the mortgage, offered to establish the plaintiff's allegations, as unnecessary, or for any other cause, the plaintiff might have excepted to the ruling, and thus have raised the question by bill of exceptions.

Suppose that the court had decided against the plea, and sustained the exceptions to it, at the previous term, and that it had so appeared in this record, and plaintiff, on the trial, caused no issue to be submitted to the jury but the one on the note, and no other issue was found, and there was noth-

ing to show that any other evidence was adduced upon the trial but the note, (which is exactly the case as presented in this record,) would plaintiff have any right to complain that the court did not grant him the equitable relief prayed for, by the appointment of a trustee to execute the power in a mortgage set up by him, but not given in evidence? Certainly not. Thus, it is obvious that the ruling of the court on the exceptions to the homestead plea is wholly immaterial, whether right or wrong, because it was made on a useless issue, that was waived, or never insisted on by either party on the trial, and never in fact tried at all, as the case is exhibited in this record now before us.

It is highly probable that it was taken for granted, on the trial, by the parties and by the court, that plaintiff had a mortgage, as alleged, and that the defendants' mortgaged property was a homestead, as alleged; and upon that assumption, the court ruled that plaintiff was not entitled to have a trustee appointed, and proceeded to submit the issue to the jury on the note, upon which alone the jury found a verdict, upon which the judgment was rendered in favor of plaintiff, from which he has appealed to this court.

This court cannot so take those facts for granted as established facts in this case, in the absence of their having been judicially ascertained, and so incorporated in the record as to enable the court to revise them as substantial parts of it. Therefore this court cannot determine that the court below committed any material error in this case by overruling the plaintiff's exceptions to the defendants' plea of homestead, at a former term, or in refusing to appoint a trustee at the time of the trial, which alone are the errors assigned by the plaintiff to procure a reversal of his judgment.

Those questions, not being properly presented in the record for revision, will not now be discussed, however readily this court might decide them under the principles settled by the previous decisions of this court.

The real question presented by the record is,—Can this court

decide upon questions arising upon an issue made by a plea which, upon exceptions, is ruled by the court to be a good defense, which issue, upon the trial of the case, is waived, and not submitted to, and passed on by, the jury? We think not.

There being no error assigned and presented on the record, so as to require a reversal, the judgment is affirmed.

AFFIRMED.